Filed 2/29/16  P. v. Nunez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B266314 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA106359) |
| v. | |
| ARMANDO NUNEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Victor D. Martinez, Judge.  Affirmed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2014 Armando Nunez entered a negotiated plea of no contest to charges of second degree burglary and grand theft by fraudulent use of an access card or account information (Pen. Code, § 484g). He also admitted an allegation of a prior prison term within the scope of Penal Code section 667.5, subdivision (b). In conformity with the plea agreement, the trial court sentenced him to two years in jail on each count, with the terms running concurrently. In July of 2015, he filed a petition to recall his sentence pursuant to Penal Code section 1170.18, enacted as part of Proposition 47 (the Safe Neighborhoods and Schools Act). The trial court granted his petition with respect to the burglary, but denied it with respect to the grand theft. The court recalled and set aside the sentence on the burglary count and imposed a one-year term to run concurrently with the two-year term for grand theft.

Defendant appealed and we appointed counsel to represent him on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. On January 11, 2016, we advised defendant he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.) Eligibility for resentencing under Penal Code section 1170.18 is limited to convictions for the offenses specified therein, in subdivision (a). Penal Code section 484g is not listed in Penal Code section 1170.18, subdivision (a). Although Penal Code section 490.2 provides that grand theft convictions where the value of the property, etc. taken does not exceed $950.00 are deemed petty theft and therefore eligible for resentencing under Penal Code section 1170.18, a felony conviction of grand theft under Penal Code section 484g requires that the value of the money, goods, services, or other things obtained exceed $950.00 in any consecutive six-month period. The charge against defendant was based upon takings in a single day. Thus, defendant's Penal Code section 484g conviction

2

remains grand theft, not petty theft, and is ineligible for resentencing under Penal Code section 1170.18.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

LUI, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.